## UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RESTORATION HARDWARE, INC., a Delaware corporation, and RH US, LLC, a Delaware limited liability company, <br><br> Plaintiffs, <br><br> vs. <br><br> LIGHTING DESIGN WHOLESALERS, INC. dba Alan Mizrahi Lighting Design, a New York corporation, and ALAN MIZRAHI, an individual, <br><br> Defendants. | Case No. 1:17-cv-05553-KBF |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' *EX PARTE* MOTION FOR LEAVE TO SERVE DEFENDANT ALAN MIZRAHI VIA EMAIL

Plaintiffs Restoration Hardware, Inc. and RH US, LLC (collectively "RH" or "Plaintiffs") hereby move the Court, *ex parte*, for entry of an order permitting Plaintiffs to serve the Summons, Complaint, and all other pleadings and papers in this action upon defendant Mr. Alan Mizrahi by email.  This motion is supported by the record in this case and by the points and authorities set forth below.

### PRELIMINARY STATEMENT

This is an action for copyright infringement and false designation of origin based upon the Defendants' use of Plaintiffs' copyrighted images to sell knockoffs of RH products.

Through this motion, Plaintiffs seek an order permitting them to serve the Summons, Complaint, and all other pleadings and papers in this action upon Defendant Alan Mizrahi by email, because Defendant's address is unknown to Plaintiffs, Plaintiffs have been unable to locate Mr. Mizrahi despite extensive efforts, and there is a reasonable basis upon which to believe that service by email will be the most effective means of providing notice to Mr. Mizrahi.

102326813_2

## STATEMENT OF FACTS

RH is an innovative and popular luxury brand in the home furnishings industry.  (Dkt. 1, ¶ 10.)  RH spends a substantial amount of time, money and effort staging and photographing its products for RH's renowned product catalogs, known as "source books," and its website at www.rh.com.   RH's source books and website feature thousands of beautiful photographs showing RH products in upscale and refined settings.  (*Id.* ¶ 11.)  Plaintiffs own copyrights and copyright registrations for the source books and website, including copyright registration nos. VA 2-014-014 and VA 2-043-676.  (*Id.* ¶ 13.)

RH learned that Defendants had posted unauthorized copies of RH's copyrighted photographs on numerous third party websites to advertise Defendants' knockoff goods and services.  (*Id.* ¶ 15).  RH, through counsel, sent cease and desist letters to Defendants demanding that they cease infringing RH's intellectual property rights, but Defendants failed to comply.  At the time the Complaint was filed in this action, Defendants had copied and were publicly displaying more than 400 copyrighted RH photographs on their website at www.alanmizrahi.com, which is the online face of "Alan Mizrahi Designs."  (*Id.* ¶¶ 22-23.)  That website claims that "Alan Mizrahi Lighting is developing new designs almost on a daily base [sic], to find the perfect solution for each individual client."  *See* Declaration of Thomas Scavuzzo ("Scavuzzo Decl."), ¶ 14 & Ex. I thereto.  By doing so, Defendants are falsely or misleadingly representing to consumers that Defendants are the source or origin of the products shown in the RH photographs, that Defendants designed the knockoff products, and that the products depicted are available through Defendants.  (Dkt. 1, ¶ 24.)  Defendants' actions have caused and are likely to continue to cause RH to suffer irreparable harm and injury unless enjoined by the Court.  (*Id.*, ¶¶ 31, 37, 39.)

102326813_2

## Efforts to Serve Defendant Mizrahi

When Mizrahi registered <www.alanmizrahi.com> with GoDaddy, he was *required* to provide his name, physical address and email address.  GoDaddy's domain name registration agreement provides as follows:

> You agree that for each domain name registered by you, the following contact data is required: postal address, email address, telephone number, and if available, a facsimile number for the Registered Name Holder and, if different from the Registered Name Holder, the same contact information for, a technical contact, an administrative contact and a billing contact.

Scavuzzo Decl., ¶ 3 & Ex. A (GoDaddy Domain Name Registration Agreement ¶ 5).

Mr. Mizrahi's domain name registration reflects the following contact information:

> Registrant Name: ALAN MIZRAHI
> Registrant Street: 140 BOWERY
> Registrant City: NEW YORK
> Registrant State/Province: NY
> Registrant Postal Code: 10013
> Registrant Country: US
> Registrant Phone: +1.3472018114
> Registrant Email: alonmizrahi@aol.com

Scavuzzo Decl., ¶ 4 & Ex. B.

Mizrahi also registered the domain name www.shopalanmizrahi.com.  When doing so, he provided the following contact information to the registrar:

> Registrant Name: Alan Mizrahi
> Registrant Street: 140 Bowery Street
> Registrant City: New York
> Registrant State: NY
> Registrant Postal Code: 10013
> Registrant Country: US
> Registrant Phone: +1.3472018114
> Registrant Email: alonm68@yahoo.com

*Id.*  The Bowery street address is also the physical address listed for Alon Mizrahi a/k/a Alan Mizrahi by the New York Secretary of State, and on Mizrahi's personal website as his New York headquarters.  *Id.*, ¶ 5 & Ex. C.  On July 24, Federal Express attempted to deliver one of RH's

demand letters to Mr. Mizrahi at that address, only to learn that Mr. Mizrahi did not live there. *Id.* ¶ 6 & Ex. D.

RH also located a residential address for Mizrahi at 71 Garwood Road, Fair Lawn, NJ 07410.  *Id.*, ¶ 7.  On August 28, 2017, RH attempted to serve him at that address. *Id.*, ¶¶ 8-9. The home apparently is now owned and occupied by a new owner, who confirmed that Mizrahi had been previously renting the home.  *Id.*, ¶ 9.  The new owner indicated that she did not have any updated contact information for Mizrahi.  *Id.*

Undersigned counsel then retained a licensed private investigator to obtain the last known address for Mr. Mizrahi.  On August 31, 2017, the private investigator confirmed that the last known address for Alon Mizrahi a/k/a Alan Mizrahi was 71 Garwood Road, Fair Lawn, NJ 07410—the same address Mizrahi had vacated. *Id.*, ¶ 10.  According to the private investigator, this is the most recent public record available.  *Id.*  As such, RH is at a dead end with regard to physical service on Mr. Mizrahi.

### Mizrahi's Email Addresses

RH, through undersigned counsel, has sent cease and desist letters to Mr. Mizrahi along with a copy of the Amended Complaint, both to his stated physical address as well as to email addresses at sales@alanmizrahi.com, alan@alanmizrahi.com, and dan@alanmizrahi.com (all listed as contact email addresses on www.alanmizrahi.com).  Scavuzzo Decl., ¶ 11. On July 27, 2017, Mr. Scavuzzo received a response addressed as follows:

**From:** Arch Lighting ASID [mailto:archlightingasid@gmail.com]
**Sent:** Thursday, July 27, 2017 1:10 PM
**To:** Scavuzzo, Thomas
**Cc:** sales@alanmizrahi.com
**Subject:** Re: URGENT LEGAL NOTICE (154066.07010)

*Id.*  Mr. Scavuzzo received another email the following week, addressed as follows:

**From:** Arch Lighting ASID [mailto:archlightingasid@gmail.com]
**Sent:** Wednesday, August 02, 2017 7:12 AM
**To:** Scavuzzo, Thomas
**Cc:** sales@alanmizrahi.com; alan@alanmizrahi.com; McCue, Michael; Johnson, Aaron; Olafson, Shane; Gordon, Zachary
**Subject:** Re: URGENT LEGAL NOTICE (154066.07010)

*Id.*, ¶ 12.   RH's counsel requested that the sender provide contact information for Mr. Mizrahi, but the sender failed to do so.

As is evident from the emails, the sender copied the correspondence to, among others, alan@alanmizrahi.com.  Presumably because alan@alanmizrahi.com is, in fact, a working email address for defendant Alan Mizrahi.  That email address also appears as a contact email on the www.alanmizrahi.com website.  Given that Mizrahi holds that email address out as valid contact information, and was copied by someone responding on Mizrahi's behalf to RH's demand letter, service to that email address is reasonably likely to be received by Mr. Mizrahi.  However, undersigned counsel also proposes to effect service using the email addresses provided by Mr. Mizrahi himself when registering his websites: alonmizrahi@aol.com and alonm68@yahoo.com.[1]

## LEGAL STANDARDS

Rule 4 of the Federal Rules of Civil Procedure governs service upon an individual located in this District.  Rule 4(e) provides as follows:

> Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by:
>
> (1)   following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or

---

[1] RH has also served co-defendant Lighting Design Wholesalers Inc. d/b/a Alan Mizrahi Lighting Design, which Mizrahi owns and operates, through the New York Secretary of State. (Dkt. 17.)

    (2)   doing any of the following:

        (A)   delivering a copy of the summons and of the complaint to the individual personally;

        (B)   leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

        (C)   delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).

Despite the extensive efforts detailed above, RH has been unable to locate Mr. Mizrahi, his usual place of abode, or any agent authorized by law to receive service of process on his behalf. As such, service pursuant to Rule 4(e)(2) has proven impracticable.

Rule 4(e)(1), however, allows for service upon an individual according to "state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located." New York Civil Practice Law and Rules § 308(5) provides for service "in such a manner as the court, upon motion without notice, directs, if service is impracticable under paragraphs one, two and four of this section." Paragraphs one, two, and four of § 308 all require that a plaintiff know the whereabouts or home or business address of a defendant.

## ARGUMENT

For the reasons detailed above, service via § 308(1), (2), or (4) and § 311(a)(1) is impracticable in this case, and the Court may order service of process via an alternate method, including by email. Courts in New York and elsewhere have authorized service of process by email where, as here, service by traditional methods was impracticable. *See, e.g., Ferrarese v. Shaw*, 164 F. Supp. 3d 361, 368 (E.D.N.Y. 2016) (granting motion to serve via email and Facebook in addition to attempts at last known physical address); *Sulzer Mixpac AG v. Medenstar Indus. Co.*, 312 F.R.D. 329, 332 (S.D.N.Y. 2015) ("[S]ervice to the email address listed on defendant's website is 'reasonably calculated, under all circumstances, to apprise

interested parties of the pendency of the action and afford them an opportunity to present their objections.'") (quoting *NYKCool A.B. v. Pac. Int'l Servs., Inc*., 66 F.Supp.3d 385, 391 (S.D.N.Y. 2014)); *Safadjou v. Mohammadi*, 964 N.Y.S.2d 801, 803-04 (N.Y. App. Div. 2013) ("[B]oth New York courts and federal courts have, upon application by plaintiffs, authorized [e]mail service of process as an appropriate alternative method when the statutory methods have proven ineffective.") (citing *Alfred E. Mann Living Trust v. ETIRC Aviation S.A.R.L.*, 910 N.Y.S.2d 418, 422 (N.Y. App. Div. 2010)); *Snyder v. Alternate Energy, Inc.*, 857 N.Y.S.2d 442, 449 (N.Y. Civ. Ct. 2007) (authorizing service by email of defendant corporation and its president under § 308(5) and § 311(b) where service by traditional means proved impracticable).  In each instance, the courts found that service via email comports with due process.

As claimed on Mizrahi's website, Defendants' products "are now 100% online exclusives!"  Scavuzzo Decl., ¶ 14 & Ex. I.  Email service on a defendant engaged in illegal online activity is particularly appropriate because email is the most effective means of providing the defendant with notice of the action.  *See Philip Morris USA Inc. v. Veles Ltd.*, No. 06-CV-2988 (GBD), 2007 WL 725412, *9 (S.D.N.Y. Mar. 13, 2007) (finding service by email appropriate where, as here, "defendants do not disclose their [actual] physical addresses or location of incorporation," and "conduct business extensively, if not exclusively, through their Internet websites and correspond regularly with customers via email"); *McCluskey v. Belford High Sch*., No. 2:09-14345, 2010 WL 2696599, *9-10 (E.D. Mich. June 24, 2010) (concluding that service via email was appropriate where the defendants conducted their business online and relied on an email address to conduct their business); *Elcometer, Inc. v. TQC-USA, Inc*., No. 12-cv-14628, 2013 WL 592660, *7 (E.D. Mich. Feb. 14, 2013) (same; noting that Plaintiffs' counsel submitted emails seeking a waiver of service of process and such emails were not returned as undeliverable); *Popular Enters., LLC v. Webcom Media Grp., Inc*., 225 F.R.D. 560, 562 (E.D.

Tenn. 2004) (holding that Rule 4(f)(3) "clearly authorizes" service by email where defendant's address was unknown and emails sent using the addresses defendant provided to the domain name registrar did not bounce back).[2]

"If any methods of communication can be reasonably calculated to provide a defendant with real notice, surely those communication channels utilized and preferred by the defendant himself must be included among them." *Williams v. Adver. Sex LLC*, 231 F.R.D. 483, 487 (N.D. W. Va. 2005) (quoting *Broadfoot v. Diaz*, 245 B.R. 713, 721 (Bankr. N.D. Ga. 2000)). Thus, email service has the greatest likelihood of reaching e-commerce merchants, particularly the Defendants here who are adept at hiding their physical locations. *See Broadfoot*, 245 B.R. at 722 (authorizing email and fax service and noting, "[a] defendant should not be allowed to evade service by confining himself to modern technological methods of communication not specifically mentioned in the Federal Rules. Rule 4(f)(3) appears to be designed to prevent such gamesmanship by a party."); *c.f. SEC v. Lines*, No. 07 Civ. 11387 (DLC), 2009 WL 3179503, *11-12 (S.D.N.Y. Oct. 2, 2009) (finding service solely by email did not violate defendant's due process rights, noting, "service is not intended to be a cat and mouse game").

Service on Defendant Alan Mizrahi by email will satisfy due process. Email is the most reliable means of communicating with Mr. Mizrahi. Indeed, on his website, Mr. Mizrahi includes his email address as a means to contact him:

---

[2] Mizrahi also has an extensive online social media presence, including a company Facebook page (https://www.facebook.com/AlanMizrahi2?hc_ref=ARRs65d_iC_6bYBJrLtVnlFbZgJVs0-y2mwo0lq16PvB6C5NbOD8KIh0kgPynenfjxI ), a Twitter account (https://twitter.com/AlanMizrahiLigh), and a Pinterest account (https://www.pinterest.com/alanmizrahiligh/).

Scavuzzo Decl., ¶ 14 & Ex. I.  That contact page also includes the email address Mizrahi provided to GoDaddy when registering the domain name (i.e., "alonmizrahi@aol.com" as the contact for Mizrahi's "Europe Sales Rep").  *Id.*  Accordingly, service by email appears to be reasonably calculated to provide actual notice of this action to Mizrahi.

In addition, RH's counsel has located a Facebook account for "Alon Mizrahi" who purports to work at "Alan mizrahi [sic] lighting" and resides in "New York, New York."  *See* Scavuzzo Decl., at ¶ 14 & Ex. I.  The Facebook page was updated in August 2017.  *Id.* Accordingly, to further ensure that Mr. Mizrahi receives actual notice of this lawsuit, RH requests that the Court also permit service via electronic message to Mizrahi's personal Facebook page.  Pursuant to L.R. Civ. 6.1(d), Plaintiffs state that they have made no previous application for similar relief.

## CONCLUSION

Based on the foregoing, RH respectfully requests entry of an order permitting RH to serve the Summons, Amended Complaint, and all other pleadings and papers in this action upon Defendant Alan Mizrahi by email to the following email messages and through Facebook:

alan@alanmizrahi.com

alonmizrahi@aol.com

alonm68@yahoo.com

102326813_2

Dated: September 18, 2017

Respectfully submitted,

LEWIS ROCA ROTHGERBER CHRISTIE LLP

By:  *s/ Shane E. Olafson*

      Shane E. Olafson (SO0784)
      solafson@lrrc.com
      201 East Washington Street, Suite 1200
      Phoenix, AZ  85004
      Tel: 602.262.5311
      Fax: 602.734.3756

      Michael J. McCue (pro hac vice)
      mmccue@LRRC.com
      3993 Howard Hughes Parkway, Suite 600
      Las Vegas, NV 89169
      Tel: 702.949.8224
      Fax: 702.949.8363

      Aaron D. Johnson (AJ1977)
      adjohnson@LRRC.com
      4300 Bohannon Drive, Suite 230
      Menlo Park, CA  94025
      Tel:  650.391.1380
      Fax: 650.391.1395

      *Attorneys for Plaintiffs Restoration Hardware,*
      *Inc. and RH US, LLC*

102326813_2