```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
RESTORATION HARDWARE, INC., et al.,                         :
                                                            :
                              Plaintiffs,                   :   17 Civ. 5553 (LGS)
                                                            :
              -against-                                     :   OPINION AND ORDER
                                                            :
LIGHTING DESIGN WHOLESALERS, INC., et                       :
al.,                                                        :
                                                            :
                              Defendants.                   :
------------------------------------------------------------X
```

LORNA G. SCHOFIELD, District Judge:

Defendants Lighting Design Wholesalers, Inc. ("LDWI") and Alan Mizrahi ("Mizrahi") (collectively, "Defendants"), filed a motion to vacate a May 2, 2018, Amended Default Judgment (the "Default Judgment"), pursuant to Federal Rules of Civil Procedure 55(c) and 60(b)(4). On August 5, 2020, the Honorable Gabriel W. Gorenstein issued a Report and Recommendation (the "Report"), recommending denial of Defendants' motion to vacate the Default Judgment. Defendants filed timely objections. For the reasons below, the objections are overruled, and, except as noted below, the Report is adopted in full. As to LDWI, the motion to vacate default judgment is denied with prejudice. As to Mizrahi, the motion to vacate default judgment is denied without prejudice to his moving to vacate the Default Judgment on other grounds.

I.   BACKGROUND

Familiarity with the Report is assumed, and a brief summary of the facts relevant to the objections is included below. All doubts are resolved in favor of Defendants. *See New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005) ("[I]n ruling on a motion to vacate a default judgment,

all doubts must be resolved in favor of the party seeking relief from the judgment in order to ensure that to the extent possible, disputes are resolved on their merits."); *accord Henderson v. Alvarez*, No. 17 Civ. 3977, 2020 WL 2571013, at *2 (S.D.N.Y. May 21, 2020).

On July 20, 2017, Plaintiffs Restoration Hardware, Inc. and RH US, LLC (collectively, "Restoration Hardware" or "Plaintiffs") filed this action against LDWI and Mizrahi. Plaintiffs' claims include direct, contributory and vicarious copyright infringement under the Copyright Act; false designation of origin, trademark infringement and unfair competition under the Lanham Act; and common law trademark infringement and unfair competition.

### A. Service of the FAC

On July 21, 2017, Plaintiffs filed an amended complaint (the "FAC"). Plaintiffs served the FAC on LDWI through the New York Secretary of State. Plaintiffs unsuccessfully attempted to serve Mizrahi via Federal Express at the address associated with the alanmizrahi.com domain registration and at a residential address in New Jersey. After these unsuccessful attempts, Plaintiffs hired an investigator, who determined Mizrahi's last known address was the New Jersey address at which Plaintiffs had attempted service. Plaintiffs then filed a motion for leave to serve Mizrahi via e-mail ("Motion for E-Mail Service"). Plaintiffs' memorandum of law in support of the motion appropriately relied on state law -- CPLR § 308(5) -- as authorized by Federal Rule of Civil Procedure 4(e)(1). *See* Rule 4(e)(1) (allowing for service pursuant to state law); CPLR § 308(5) (permitting service "in such manner as the court, upon motion without notice, directs, if service is impracticable" by personal service and mailing). Plaintiffs relied on Rule 4(e)(1) because they believed at the time that Mizrahi was domiciled in New Jersey.

Although Plaintiffs' Motion for E-mail Service relied on Rule 4(e)(1), Judge Forrest granted the motion using Plaintiffs' form of order, which relied on Rule 4(f)(3) governing service on foreign defendants. The September 19, 2017, order ("Order of Service") states:

> Pursuant to N.Y. C.P.L.R. §§ 308(5) and 311(b) and Federal Rule of Civil Procedure 4(f)(3), Plaintiffs may serve the Summons, Complaint, and all other pleadings and papers in this action upon defendant Mr. Alan Mizrahi by sending the Summons and Amended Complaint, and a copy of this Order, via electronic mail to the following addresses: alan@alanmizrahi.com, alonmizrahi@aol.com and alonm68@yahoo.com; And by sending an electronic message to Alan Mizrahi's Facebook account at [listing the Facebook account URL].

On September 20, 2017, Plaintiffs served the FAC on Mizrahi in the manner directed by the Order of Service. The next day, Plaintiffs' counsel received an e-mail from the e-mail account alan@AlanMizrahi.com. The e-mail is signed by "Alan Mizrahi Secretary, Miriam Vermont." The body of the e-mail states, "Please advise how can we help and if you [would] like to set up a phone meeting to resolve your concern." On October 24, 2017, Plaintiffs received a voicemail stating that Mizrahi had moved to Austria. Plaintiffs believed this statement to be true based on conversations between Plaintiffs' counsel and an individual they mistakenly believed to be Mizrahi.[1]

B.    **Service of the FAC**

On November 17, 2017, Plaintiffs filed a Second Amended Complaint ("SAC"), which added three additional Defendants who were later dismissed. The SAC alleges that Mizrahi "is domiciled in Austria." Plaintiffs served the SAC on Mizrahi via e-mail and Facebook, pursuant to the Order of Service, which referenced Rule 4(f)(3).

---

[1] Mizrahi contends that he never spoke with Plaintiffs or Plaintiffs' counsel and that he had no actual notice of this lawsuit until after the Court entered the default judgment.

### C. Entry of Default Judgment

After LDWI and Mizrahi failed to answer the SAC, the Clerk of Court issued certificates of default against them. Plaintiffs filed a motion for default judgment ("Motion for Default Judgment"). On March 8, 2018, the Court issued an order to show cause why a default judgment should not be entered against LDWI and Mizrahi (the "Order to Show Cause"). The Motion for Default Judgment and Order to Show Cause were served on Mizrahi on March 8, 2020, via e-mail and Facebook pursuant to the Order of Service, and on LDWI on March 12, 2018, via the New York Secretary of State. On April 18, 2018, the Court entered default judgment, finding that LDWI and Mizrahi are "liable for $1,300,000.00 in statutory copyright damages plus post-judgment interest," and permanently enjoining LDWI and Mizrahi from "further violating the intellectual property at issue in this case."

### D. Motion to Vacate

LDWI and Mizrahi filed a motion to vacate the Default Judgment based on improper service (the "Motion to Vacate"), which eventually was referred to Judge Gorenstein for a report and recommendation. Plaintiffs conducted discovery on the Motion to Vacate. The parties filed both briefing and letters on the Motion to Vacate. During a September 6, 2018, conference, Mizrahi agreed "that for purposes of adjudicating this motion to vacate [he would] not raise any claim that the court lacks personal jurisdiction" over him.

The Report recommends denying the Motion to Vacate as to LDWI because LDWI no longer exists and cannot be heard to apply for relief in this Court. The Report also recommends denying the Motion to Vacate as to Mizrahi because (1) service was "procedurally proper" as it complied with the Order of Service, permitting -- pursuant to Rule 4(f)(3) -- service by electronic means of "all other pleadings" in the case; (2) to the extent Defendants object to the Order of

4

Service, Defendants fail to explain why a motion for reconsideration could be considered at this time or to describe the law or standards that should apply to that analysis; (3) the Order of Service was proper because the same grounds offered in support of Plaintiff's application under CPLR § 308(5) would have supported e-mail service under Rule 4(f)(3); and (4) e-mail service here meets the requirement of Rule 4(f)(3) that the means of service is not prohibited by international agreement.

## II.     LEGAL STANDARDS

A reviewing court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The district court "may adopt those portions of the report to which no specific, written objection, is made as long as the factual and legal bases supporting the findings and conclusions set forth in those sections are not clearly erroneous or contrary to law." *Shipkevich v. New York and Presbyterian Hosp.*, No. 16 Civ. 9630, 2020 WL 5796202, at *2 (S.D.N.Y. Sept. 29, 2020) (internal citations and quotation marks omitted); *see also Thomas v. Arn*, 474 U.S. 140, 149 (1985). A district court need only satisfy itself that "no clear error is apparent from the face of the record." *See, e.g., Candelaria v. Saul*, No. 18 Civ. 11261, 2020 WL 996441, at *1 (S.D.N.Y. Mar. 2, 2020).

A district court must conduct a *de novo* review of any portion of a report and recommendation to which a specific objection is made on issues raised before the magistrate judge. 28 U.S.C. § 636(b)(1); *accord United States v. Romano*, 794 F.3d 317, 340 (2d Cir. 2015). When a "party makes only conclusory or general objections, or simply reiterates the original arguments, the [c]ourt will review the [r]eport strictly for clear error." *Shipkevich*, 2020 WL 5796202, at *2 (internal citation and quotation marks omitted). A district court should not, however, entertain new grounds for relief or additional legal arguments that were not before the

magistrate judge.  *See Walker v. Stinson*, 205 F.3d 1327, 1327 (2d Cir. 2000) (holding that a district court did not abuse its discretion in refusing to consider an argument that a petitioner failed to raise before a magistrate judge); *accord Baxter v. Noeth*, No. 17 Civ. 8918, 2020 WL 2904840, at *1 (S.D.N.Y. June 3, 2020) (noting that "[e]ven on de novo review, the Court generally does not consider arguments or evidence which could have been, but were not, presented to the Magistrate Judge").

Rule 60(b) governs this motion because the Court has already entered a final default judgment against Defendants.  *See Guggenheim Capital, LLC v. Birnbaum*, 722 F.3d 444, 455 (2d Cir. 2013) ("The court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b).") (internal citations and quotation marks omitted); *accord Tuqui Tuqui Dominicana, S.R.L. v. Castillo*, No. 19 Civ. 108, 2020 WL 1689763, at *2 (S.D.N.Y. Apr. 7, 2020) (declining to apply Rule 55(c) and applying Rule 60(b) where a final default judgment had been entered against defendants).  Under Rule 60(b) an entry of default judgment may be set aside for several reasons, including that "the judgment is void." Fed. R. Civ. P. 60(b)(4).  "[A] default judgment entered against [a defendant] should be vacated as void under Rule 60(b)(4) if service on [defendant] was defective." *Tuqui Tuqui Dominicana, S.R.L.*, 2020 WL 1689763, at *2; *see also*, *Burda Media, Inc. v. Viertel*, 417 F.3d 292, 298 (2d Cir. 2005).  "[W]hen a judgment entered against the defaulting party is void . . . [the] judgment cannot be enforced." *Sartor v. Toussaint*, 70 F. App'x 11, 13 (2d Cir. 2002) (summary order) (internal quotation marks and citation omitted).

6

## III. DISCUSSION

### A. Defendant Mizrahi

#### 1. Personal Jurisdiction Over Mizrahi

Mizrahi objects on the ground that the Report erred in failing to consider whether personal jurisdiction over Mizrahi was proper, based on his control and operation of LDWI. This argument is improper because it was not a ground for relief or legal argument that was before Judge Gorenstein. *See Walker*, 205 F.3d at 1327. As noted in the Report, "Defendants' papers make no attack on the applicability of New York State's long-arm jurisdiction statute to Mizrahi," and further, "[D]efendants agreed during a court conference 'that for purposes of adjudicating this motion to vacate [they] [would] not raise any claim that the court lacks personal jurisdiction' over Mizrahi. Sept. 6, 2018 Hearing Transcript at 18. Defendants made this concession specifically to avoid discovery sought by plaintiffs on the issue of personal jurisdiction. *Id*. at 16-18." Accordingly, Mizrahi's arguments as to personal jurisdiction are neither ground for declining to adopt the Report nor for vacating the Default Judgment.[2]

#### 2. Service of the SAC

Mizrahi is correct that Plaintiffs had an obligation to serve the SAC on Defendants. *See* Fed. R. Civ. P. 5(a)(1)(B). Despite Mizrahi's contrary characterizations of the Report, the Report acknowledges rather than refutes this point. The issue here is whether Plaintiffs properly effected service of the SAC. Answering this question requires determining whether service

---

[2] This does not mean that Mizrahi waived his right to argue that *service* was improper, which relates to whether the Court can properly exercise personal jurisdiction over Mizrahi. *Sartor v. Toussaint*, 70 F. App'x 11, 13 (2d Cir. 2002) (summary order) ("A judgment is void for lack of personal jurisdiction over the defendant where service of process was not properly effected."); *accord Redd v. Fed. Nat'l Mortg. Assoc. (Fannie Mae), et al.*, No. 19 Civ. 1045, 2020 WL 1536596, at *2 (S.D.N.Y. Mar. 31, 2020). Mizrahi has consistently argued that service was improper.

7

pursuant to Rule 4(f)(3) was procedurally proper.  Because Mizrahi's objections reiterate arguments that were before Judge Gorenstein, the Report's findings as to whether service pursuant to Rule 4(f)(3) was procedurally proper are reviewed for clear error.  *Shipkevich*, 2020 WL 5796202, at *2.

### i. Application of the Order of Service to the SAC

Mizrahi contends the Report erred by finding that the Order of Service applies to service of not only the FAC, which alleges that Mizrahi is domiciled in New Jersey, but also the SAC, which alleges that Mizrahi is domiciled in Austria.  The Report's finding that the express language of the Order of Service permits service of the SAC by electronic means is not clearly erroneous.  The Order of Service expressly states that it applies to "all other pleadings" in the case and that Plaintiff may serve pleadings "[p]ursuant to . . . Federal Rule of Civil Procedure 4(f)(3)."  The Report's finding that Plaintiffs complied with the Order of Service in effectuating service of the SAC on Mizrahi also is not clearly erroneous.  As the Report notes, "[D]efendants do not contend that Plaintiffs failed to comply with the order of service issued by Judge Forrest," and "all the evidence on this question is that plaintiffs complied with that order."

### ii. Reliance on Rule 4(f)(3)

As a threshold matter, Rule 4(f) provides three different routes for effecting service on foreign defendants, including "by other means not prohibited by international agreement, as the court orders."  Fed. R. Civ. P. 4(f)(3).  Despite Defendants' contentions to the contrary, Rule 4(f) is not hierarchical; there is no requirement that Plaintiff attempt service pursuant to provisions 4(f)(1) and 4(f)(2) before seeking permission of the court to effect service "by other means," pursuant to Rule 4(f)(3).  *Baglia on Behalf of Link Motion Inc. v. Link Motion Inc.*, No. 18 Civ. 11642, 2020 WL 5350271, at *8 (S.D.N.Y. Sept. 4, 2020); *cf.,* Fed. R. Civ. P. 4(h) (permitting

service of "a domestic or foreign corporation, or partnership or other unincorporated association subject to a common name," "at a place not within any judicial district of the United States, in *any manner* prescribed by Rule 4(f) . . . except personal delivery under (f)(2)(C)(i)" (emphasis added)).

To determine whether service pursuant to Rule 4(f)(3) is appropriate, courts look to whether plaintiffs have "reasonably attempted to effectuate service on the defendant[(s)]," and "that the circumstances are such that the district court's intervention is necessary." *Convergen Energy LLC v. Brooks*, No. 20 Civ. 3746, 2020 WL 4038353, at *4 (S.D.N.Y. July 17, 2020) (internal citations and quotation marks omitted). "Having established that an order of service under Rule 4(f)(3) is appropriate, [courts consider whether plaintiffs have] demonstrate[d] that the proffered alternatives are not prohibited by international agreement and that they comport with constitutional notions of due process." *Id*. at *5; *Merrimack Mut. Ins. Co. v New Widetech Indus. Co. Ltd*., 20 Civ. 546, 2020 WL 5879405, at *2 (D. Conn. Oct. 2, 2020) (citing *Mullane v. Cent. Hanover Bank & Trust Co.,* 339 U.S. 306 (1950)).

Courts are free to fashion means of service pursuant to Rule 4(f)(3), so long as those means are not prohibited by international agreement and "comport[] with constitutional notions of due process." *Mattel, Inc. v. Animefun Store*, No. 18 Civ. 8824, 2020 WL 2097624, at *5 (S.D.N.Y. May 1, 2020). This is true, "even if the method of service is in contravention of the laws of the foreign country." *Hudson Furniture, Inc. v. Mizrahi*, No. 20 Civ. 4891, 2020 WL 5202118, at *3 (S.D.N.Y. Sept. 1, 2020) (citing *Freedom Watch, Inc. v. Org. of the Petrol. Exporting Countries*, 766 F.3d 74, 78 (D.C. Cir. 2014) (internal quotation marks omitted); *see also Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002) ("[A]s long as court-directed and not prohibited by an international agreement, service of process ordered under Rule 4(f)(3) may be accomplished in contravention of the laws of the foreign country."); *accord*

9

*Advanced Access Content Sys. Licensing Adm'r, LCL v. Shen*, No. 14 Civ. 1112, 2018 WL 4757939, at *6 (S.D.N.Y. Sept. 30, 2018) (finding that "the fact that email service does not comport with Chinese law or instructions from the Chinese government under the Hague Convention is inapposite to the Rule 4([f])(3) inquiry, which requires only that service is not prohibited by international agreement"). While courts have held that service may conflict with the laws of the foreign country, the Committee Notes to Rule 4(f)(3) note that "an earnest effort should be made to devise a method of communication that is consistent with due process and minimizes offense to foreign law." Fed. R. Civ. P. 4(f)(3), Notes of Advisory Committee on Rules – 1993 Amendment.

The Report is not clearly erroneous in finding that the same grounds offered in support of Plaintiff's application under CPLR § 308(5) would have supported a finding that e-mail service under Rule 4(f)(3) is procedurally proper. CPLR § 308(5) permits service "in such manner as the court, upon motion without notice, directs, if service is impracticable" by personal service and mailing. Before seeking leave from the Court to effect service by alternative means, Plaintiffs attempted to serve Mizrahi at both an address associated with the domain registration for the alanmizrahi.com website and at a New Jersey residential address that a private investigator determined was Mizrahi's last known address. Plaintiffs' proposed alternative means of service consisted of a Facebook account associated with Mizrahi and e-mail addresses from which Plaintiffs had received responses, including from an individual who identified herself as Mizrahi's secretary. These facts are enough to support the Report's finding that service pursuant to Rule 4(f)(3) was appropriate and comports with due process. The Report's finding that there is no reason to believe that Judge Forrest would have vacated her prior order merely because Mizrahi changed his residence from New Jersey to Vienna, is not clearly erroneous.

The Report's finding that service need not comport with Austrian law is also not clearly erroneous.  First, Mizrahi has failed to provide sufficient support for the proposition that service via e-mail and Facebook conflicts with Austrian law.  Second, whether service conflicts with Austrian law is "inapposite to the Rule 4(f)(3) inquiry."  *Advanced Access Content Sys. Licensing Adm'r, LLC*, 2018 WL 4757939 at *8.  While the Committee Notes to Rule 4(f)(3) *recommend* that courts "minimize[] offense to foreign law," Fed. R. Civ. P. 4(f)(3), Notes of Advisory Committee on Rules – 1993 Amendment, there is no *requirement* in the text of the rule, that service comply with foreign law.  Instead, Rule 4(f)(3) requires that the alternative means of service is "not prohibited by an international agreement."  Fed. R. Civ. P. 4(f)(3).

Here, Mizrahi has failed to identify any international agreements in effect at the time of service -- November 17, 2017 -- that prohibit service as directed by the Order of Service in this action.  The Report concludes that the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents (the "Service Convention") does not apply for two reasons:  (1) Austria is not a party to the Service Convention and (2) the Hague Convention does not apply "where the address of the person to be served with the document is not known" and "plaintiffs had no address for Mizrahi."  Two clarifications are required.  First, Austria ratified the Service Convention on July 14, 2020, and the Service Convention entered into force for Austria on September 12, 2020, after the Report was issued.  *See Austria Ratifies the Service Convention*, The Hague Conference on Private International Law (July 15, 2020), https://www.hcch.net/en/news-archive/details/?varevent=743.  Second, while the Report notes that "plaintiffs had no address for Mizrahi," Mizrahi points out that Exhibit I to Plaintiffs' Motion for E-Mail Service includes an address for Mizrahi's showroom in Austria.  Exhibit I includes a list of "Alan Mizrahi Certified Sales Reps," including an "Austria Sales Rep," called "Austria Cities Lighting Store" and an accompanying Austrian address.  Even in light of these

11

new facts, the Report's conclusion that the Hague Convention does not apply is not clearly erroneous.  As of November 17, 2017, when Plaintiffs served the SAC, Austria was not a party to the Service Convention and Plaintiffs had no obligation to effect service pursuant to the Hague Convention at that time.  *See Hudson Furniture, Inc.*, 2020 WL 5202118, at *3 (finding that no international agreement prohibited service on Mizrahi and noting that "Austria, where Mizrahi claims to reside, had not ratified the Hague Service Convention at the time of service").

In addition, the availability of an Austrian address does not render service pursuant to Rule 4(f)(3) inappropriate.  "A plaintiff 'need not have attempted every permissible means of service of process before petitioning the court for alternative relief.  Instead, [a plaintiff] need[s] only to demonstrate that the facts and circumstances . . . necessitated the district court's intervention."  *Payne v. McGettigan's Mgmt. Servs. LLC*, No. 19 Civ. 1517, 2019 WL 6647804, at *1 (S.D.N.Y. Nov. 19, 2019).  Because Rule 4(f) is not hierarchical, *Baglia on Behalf of Link Motion Inc.*, 2020 WL 5350271 at *8, there is no requirement that Plaintiffs attempt service under Rule 4(f)(1) by an "internationally agreed means of service" or under Rule 4(f)(2) by letters rogatory pursuant to Rule 4(f)(2), before attempting service "by other means," pursuant to Rule 4(f)(3).  Accordingly, the availability of an Austrian address does not render the Report's findings clearly erroneous.

### B.     The Court Adopts the Report's Findings as to LDWI

The Court has reviewed the Report's findings as to LDWI, specifically that LDWI is no longer an active entity and, therefore, cannot move to vacate a default judgment.  Defendant has not objected to this finding and the Court finds no reason to reject or modify it.  "[A] dissolved corporation has no existence, either de jure or de facto," *Lodato v. Greyhawk N. Am., LLC*, 834 N.Y.S.2d 237, 239 (2d Dep't 2007) (citations omitted), and "shall carry on no business except

for the purpose of winding up its affairs," N.Y. Bus. Cop. Law § 1005(a)(1).  As a result, LDWI -- which no longer exists -- cannot move this Court for relief, as that would constitute an action other than "winding up its affairs."  For the reasons stated in the Report, LDWI's motion to vacate default judgment is denied with prejudice.

### C. Mizrahi - Denial Without Prejudice

The Second Circuit has a "strong preference for resolving disputes on the merits" because "a default judgment is the most severe sanction which the court may apply." *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 129 (2d Cir. 2011) (citing *Green*, 420 F.3d at 104) (internal quotation marks omitted); *accord Courchevel 1850 LLC v. Espinosa*, No. 17 Civ. 799, 2018 WL 3462519, at *3 (S.D.N.Y. July 18, 2018).  Further, Rule 60(b) provides six reasons for vacating a default judgment, not just that "the judgment is void," the basis for the instant motion.  Fed. R. Civ. P. 60(b).  While it seems unlikely that Mizrahi can raise a meritorious argument based on one of the other grounds, in light of the Second Circuit's preference for resolving disputes on the merits, Mizrahi's motion to vacate is denied without prejudice to his moving to vacate on grounds other than that the judgment is void pursuant to Rule 60(b)(4).

## IV. CONCLUSION

For the reasons above and except as noted, the Report is adopted in full.  As to LDWI, the Motion to Vacate is DENIED with prejudice.  As to Mizrahi, the motion to vacate is DENIED without prejudice to his moving to vacate the Default Judgment on other grounds.  Mizrahi shall file any renewed motion to vacate by December 15, 2020.

Dated:  December 4, 2020
 New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

13